**IT IS ORDERED as set forth below:**

**Date: November 06, 2011**

*James E. Massey*
_____
**James E. Massey**
**U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| RONALD J. TRIPODO, | : | CASE NO.   10-87806-JEM |
|     a/k/a Ron J. Tripodo, | : | |
| PATSY T. TRIPOO, | : | |
|     Debtors. | : | |
| _____ _____ _____ _____ _____ _____ | : | _____ _____ _____ _____ _____ _____ |
| HSBC BANK NEVADA, N.A. Servicer for | : | |
| Best Buy Co. Inc., | : | |
|     Movant, | : | |
| v. | : | |
| RONALD J. TRIPODO, Debtor, and | : | CONTESTED MATTER |
| PATSY T. TRIPODO, Joint-Debtor, | : | |
|     Respondents. | : | |

CONSENT ORDER ON MOTION FOR RELIEF FROM STAY

THIS MATTER arises on the Motion for Relief from Stay filed by HSBC Bank

Nevada, N.A. Servicer for Best Buy Co. Inc. ("Creditor") with regard to Movant's

collateral, a purchase money secure interest in personal property  (the "Collateral").

Hearing was scheduled and properly noticed  for November 1, 2011, at 10:15 a.m., before

which the parties reached an agreement.  Accordingly, it is hereby

ORDERED that the Motion is ***conditionally denied***: the stipulations and agreements of the parties are ***approved***.

1.      Debtors shall strictly comply with the obligation to maintain timely post-petition payments to Creditor in the amount of $500.00 per month commencing on November 15, 2011, and continuing on the 15th of each month until this case is either confirmed or dismissed, otherwise, the failure to strictly comply shall result in the following procedure, pursuant to which the §362 automatic stay may be lifted to allow Movant to take possession of the Collateral, to advertise for and conduct a non-judicial sale by foreclosure and to otherwise pursue its state law and contract remedies as is necessary for Movant to recover upon its secured claim to the Collateral.

2.      Upon delinquency by the Debtors regarding the obligation to maintain ongoing payments to the Creditor, Movant may be permitted to recover and dispose of the Collateral pursuant to applicable state law only after submitting a Delinquency Motion (as more particularly described below) and the entry of an order lifting the automatic stay of 11 U.S.C. §362 in the following manner:

(A)     Counsel for Movant shall serve both Debtors and Debtors' Counsel of record with written notice of the specific facts of the delinquency (the "Delinquency Notice"); said notice may be contained in a letter but shall

(i)     state that Debtors may cure the delinquency within ten (10) calendar days of receipt of said notice, and

(ii)    shall specifically provide the correct street address for mailing or delivering such proof of payments,

(iii)   pursuant to this Order, Debtors shall be presumed to have received the Delinquency Notice on the fifth (5th) calendar day following the mailing of said notice by Counsel for Movant, as determined by the postmark thereon; provided, however, that

(a)     the Delinquency Notice is properly addressed to Debtors at the address set forth on the Distribution List attached to this

Order, unless Movant or Counsel for Movant received notice in writing of a change in Debtors' address within a reasonable time prior to mailing the Delinquency Notice; and

(b)   the Delinquency Notice is not returned to Counsel for Movant by the U.S. Postal Service as undeliverable by reason of improper address.

(B)   If Debtors fail to cure the delinquency within ten (10) days of receipt of said written notice, Counsel for Movant may present to the Court, after service on Debtors and Debtors' counsel:

(i)   a motion, which must contain allegations of the specific facts of the delinquency; provided, however, that, instead of alleging the facts of the delinquency in the motion (the averments of which are subject to Rule 9011), the motion may be accompanied by an affidavit from an appropriate officer or employee of Movant setting forth the specific facts of the delinquency;

(ii)   a copy of the Delinquency Notice;

(iii)   a proposed order (the motion, copy of the Delinquency Notice and the proposed order are herein collectively referred to as the "Delinquency Motion").

Upon presentation of said Delinquency Motion, the Court may enter an order modifying the stay as to the Collateral, without further hearing.

**[END OF DOCUMENT]**

**(Signatures Continue on Following Page)**

Prepared by:

_____/s/_____
David Sicay-Perrow, GA Bar No. 645285
Sicay-Perrow, Knighten & Bohan, P.C.
Suite 3475, Georgia-Pacific Center
133 Peachtree Street, N.E.
Atlanta, GA 30303
dsp@sicay-perrow.com
404-589-1832
404-589-1833 (facsimile)


Consented to by:

_____/s/_____(signed with expressed permission)
Herbert C. Broadfoot, II, GA Bar No. 083750
Ragsdale, Beals, Seigler, et al.
2400 International Tower
229 Peachtree Street, N.E.
Atlanta, GA 30303
404-588-0500


DISTRIBUTION LIST

Sicay-Perrow, Knighten & Bohan, P.C.       Ronald J. Tripodo
Suite 3475, Georgia-Pacific Center          4586 Paper Mill Road
133 Peachtree Street, N.E.                  Marietta, GA 30067
Atlanta, GA 30303

                                            Patsy T. Tripodo
Office of the United States Trustee         4586 Paper Mill Road
362 Richard Russell Building                Marietta, GA 30067
75 Spring Street, SW
Atlanta, Ga 30303

Herbert C. Broadfoot, II
Ragsdale, Beals, Seigler, et al.
2400 International Tower
229 Peachtree Street, N.E.
Atlanta, GA 30303